UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JAMAINE BROWN,

        Plaintiff,

        v.                                 Case No. 23-cv-0053-bhl

TOUA THAO,
DANIEL SUTYAK, and
MILWAUKEE POLICE DEPARTMENT,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Jamaine Brown, who is currently serving a state prison sentence at Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Brown's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Brown has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Brown has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $1.30. Brown's motion for leave to proceed without prepaying the filing fee will be granted.

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

ALLEGATIONS OF THE COMPLAINT

According to Brown, on September 20, 2019, Defendant Officer Daniel Sutyak tased him in the head, knocking him unconscious, at which time Defendant Officer Toua Thao assaulted him with his knees and elbows. Brown asserts that Sutyak tased him again and that both officers continued to assault him while he was unconscious. Brown states that he was temporarily paralyzed and had to get stitches over his eye and on his nose and lip. He states that he also was treated for a hairline fracture on his jaw and a loose tooth.

THE COURT'S ANALYSIS

Claims that officers used excessive force in the course of an arrest are analyzed under the Fourth Amendment's "objective reasonableness" standard, which considers the reasonableness of the force used based on the events confronting the officers at the time, including "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight," but without regard to the officers' subjective beliefs or motivations. *Graham v. Connor*, 490 U.S. 386, 396-97 (1989). Brown may proceed on Fourth Amendment excessive force claims against Thao and Sutyak based on allegations that he was tased and physically beaten while he was unconscious. Brown does not, however, state a claim against the Milwaukee Police Department because it is not a "person" under §1983. *See Best v. City of Portland*, 554 F.3d 698, 698 (7th Cir. 2009) (see asterisk to case caption).

Brown asserts that the incident at issue occurred on September 20, 2019, more than three years before he filed his complaint. Brown acknowledges that he filed this complaint after the

3

three-year statute of limitations, but he explains that he has proof that he attempted to file a complaint with these same allegations before the statute of limitations expired. Dkt. No. 1 at 3. Brown's assertions are confirmed by a letter he filed on October 24, 2022 in Case No. 22-cv-476-bhl, in which he inquired whether the Court had received his complaint. In the letter Brown noted that he filed a complaint about excessive force before September 20, 2022, but he had not received an acknowledgment of the filing from the Court. He further noted that he had been on lockdown and in the restricted housing unit and that mail had been mysteriously disappearing. *See Brown v. Molinaro*, No. 22-cv-0476-bhl at Dkt. Nos. 21, 22.

In light of Brown's assertions regarding his efforts to initiate his lawsuit before the expiration of the statute of limitations and given that the statute of limitations is an affirmative defense, the Court will leave it to Defendants to decide whether to raise this defense. Should they decide to do so, they are on notice that the Court will consider whether the balance of the equities favors tolling the statute of limitations. *See Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 561 (7th Cir. 1996) ("The doctrine of equitable tolling 'permits a plaintiff to sue after the statute of limitations has expired if through no fault or lack of diligence on his part he was unable to sue before, even though the defendant took no active steps to prevent him from suing.'").

**IT IS THEREFORE ORDERED** that Brown's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Milwaukee Police Department is **DISMISSED** from this action because it cannot be sued under 42 U.S.C. §1983.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon Toua Thao and Daniel Sutyak pursuant to Federal Rule of Civil Procedure 4. Brown is advised that Congress requires the U.S. Marshals Service to charge for

4

making or attempting such service. 28 U.S.C. §1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2)–(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The Court is not involved in the collection of the fee.

**IT IS FURTHER ORDERED** that Toua Thao and Daniel Sutyak shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Brown is located.

**IT IS FURTHER ORDERED** that the agency having custody of Brown shall collect from his institution trust account the $348.70 balance of the filing fee by collecting monthly payments from Brown's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Brown is transferred to another institution, the transferring institution shall forward a copy of this Order along with Brown's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all

inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Brown is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Brown may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin on February 13, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

6