UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JAMAINE BROWN,

        Plaintiff,

    v.                                        Case No. 23-cv-0053-bhl

TOUA THAO, et al,

        Defendants.

---

## DECISION AND ORDER

---

Plaintiff Jamaine Brown, who is incarcerated at the Waupun Correctional Institution, is representing himself in this 42 U.S.C. §1983 action. On January 12, 2023, Brown filed a complaint alleging Fourth Amendment excessive force claims against Defendants in connection with an interaction that occurred on September 20, 2019. On March 3, 2023, Defendants filed a motion to dismiss on the basis that Brown filed his complaint 114 days after the three-year statute of limitations period expired. Brown opposes Defendants' motion, arguing that his failure to timely file his complaint should be excused because he tried to timely file his complaint, but the complaint was not delivered to the Court through no fault of his own. The Court will grant Defendants' motion and dismiss this case.

## BACKGROUND

In Wisconsin, the statute of limitations for §1983 claims is three years. Wis. Stat. §893.53; *Gray v. Lacke*, 885 F.2d 399, 408 (7th Cir. 1989) (explaining that Wisconsin's personal rights statute of limitations applies to §1983 actions). Claims of excessive force accrue at the time the force is applied. *Wallace v. Kato*, 549 U.S. 384, 392-93 (2007). Brown alleges that Defendants

used excessive force against him on September 20, 2019; thus, to be timely, he was required to file his complaint by September 20, 2022. Brown filed his complaint 114 days later, on January 12, 2023. Dkt. No. 1. Brown does not dispute that he filed his complaint after the limitations period expired, but he argues that he is entitled to equitable tolling because he made efforts to timely file his complaint but was unable to do so through no fault of his own.

Brown first explains that he waited until the end of the three-year period to file his complaint because he was unaware before then that he was allowed to pursue more than one action at a time. He next explains that, around the time he filed his complaint, he was moving from institution to institution, resulting in his mail being rerouted and delayed. Finally, he explains that he timely mailed his complaint to the Court in the beginning of September 2022, and he diligently followed up with the Court to confirm that the complaint had been received.

In support of his last point, Brown attaches a disbursement request showing that, on September 9, 2022, he received a disbursement to cover the cost of "extra postage for mail to the Eastern District of Wisconsin." Dkt. No. 23-1. The disbursement request does not specify the contents of the mail Brown sought to send, nor does the request confirm that the mail was sent. Brown also highlights two letters that he filed in another case, *Brown v. Molinaro*, Case No. 22-cv-0476-bhl (E.D. Wis.). In the first letter, filed on October 24, 2022, Brown notes that the Court did not acknowledge receipt of his excessive force complaint, which Brown claimed to have filed before September 20, 2022. *See* Case No. 22-cv-0476-bhl at Dkt. No. 21. Brown noted that "there's been incidents including mail mysteriously disappearing!" *Id.* The next day, in response to Brown's letter, the Court mailed Brown a copy of the docket for Case No. 22-cv-0476-bhl with a notation that that was his only case. *Id.* More than two months later, on January 4, 2023, Brown mailed a second letter stating that it had been three months since he mailed a §1983 form and he

2

still had not received acknowledgment of receipt. *Id.* at Dkt. No. 22. Brown stated, "I even wrote the courts and asked did they receive any 1983 packets concerning police excessive use of force! And the courts replied they did not receive it!" *Id.* The next day, the Court mailed Brown a letter again confirming that it had not received a complaint from him in early September 2022. *Id.* at Dkt. No. 23. Brown initiated this action less than a week later.

## ANALYSIS

As the Seventh Circuit has explained, "[s]tatutes of limitations serve important public purposes. Victims of wrongful acts who want to extend a statute of limitations against defendants who have not actively tried to delay being sued must show they acted as expeditiously as was feasible in the circumstances." *Singletary v. Continental Ill. Nat. Bank and Trust Co. of Chicago*, 9 F.3d 1236, 1243 (7th Cir. 1993). Brown has not made this showing. First, Brown knew immediately that he had been injured by a wrongful act and he knew who had injured him, yet he waited until the final days of the three-year limitations period to mail his complaint to the Court. Equitable tolling "permits a plaintiff to sue after the statute of limitations has expired if through no lack of diligence on his part he was unable to sue before . . . ." *Id.* at 1241. Frantic efforts in the final days of the limitations period does not demonstrate diligence. *See Ashafa v. City of Chicago*, 146 F.3d 459, 463-64 (7th Cir. 1998). Brown asserts he delayed filing the complaint because he assumed that he could pursue only one §1983 action at a time, but it would have taken little effort for Brown to discover that his assumption was incorrect. And, in any event, he cites no authority to support a conclusion that Defendants should bear the consequences of his mistaken assumption. Also, Brown filed his first case in this district (Case No. 22-cv-0476-bhl) on April 18, 2022. Defendants allegedly used excessive force on September 20, 2019. Brown provides no

3

explanation for why he did not initiate this action in the two and a half years when he had no other cases pending.

Brown's argument that the Court should toll the limitations period because he mailed his documents before the period expired and because he diligently followed up with the Court to ensure his complaint had been received also falls flat. At the time he filed his complaint, Brown was housed at Waupun Correctional Institution, which is an e-filing institution. That means that, rather than sending his documents through the mail, Brown could have (in fact, *should* have) availed himself of the e-filing program by personally delivering his materials to the law librarian to be scanned and emailed to the Court. Brown does not explain why, despite the program being mandatory, he opted to physically mail his documents. Had he e-filed his documents he would have received a confirmation of filing within days, or, in the absence of such a confirmation, he would have been alerted to the fact that his complaint had not been filed. Brown also did not diligently seek to file his complaint once he learned that the Court had not received it. The Court responded to Brown the day after he mailed his first letter, informing him that he had only one case pending. Rather than promptly re-filing the complaint after learning the Court had not received it, he inexplicably waited more than two months and then sent a second letter acknowledging that the Court had not received his complaint yet asking why it had not yet been screened.

It is undisputed that Brown filed his complaint more than three months after the statute of limitations expired. Because Brown did not exercise due diligence in filing his complaint, equitable tolling is unavailable to extend the statutory period. *See Ashafa*, 146 F.3d at 464. Brown's lawsuit is therefore untimely and must be dismissed.

**IT IS THEREFORE ORDERED** that Defendants' motion to dismiss (Dkt. No. 10) is **GRANTED** and this action is **DISMISSED as untimely**. The clerk's office shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin on June 1, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.